4 B.R. 505 (1980)
In the Matter of Laurance Larry SHOEMAKER, Bankrupt.
S. David SWAYNE, Plaintiff,
v.
IDAHO AUTO AUCTION, Defendant.
No. 79-00972 A.
United States Bankruptcy Court, D. Idaho.
April 4, 1980.
S. David Swayne, pro se.
Dennis J. Sallaz, Boise, Idaho, for defendant.

MEMORANDUM DECISION AND CONCLUSIONS OF LAW
M.S. YOUNG, Bankruptcy Judge.
This matter is before the Court upon trustee's complaint seeking permission to sell a motor vehicle purchased from the defendant by debtor at auction, free and clear of any claimed lien of defendant. The parties stipulated the facts as follows:
"1. That on April 4, 1979, Idaho Auto Auction entered into a contract to sell a 1969 Cadillac to Larry Shoemaker, at Boise, Idaho, wherein the parties agreed that title was retained in the seller until buyer paid the purchase price and buyer's draft was honored (Exhibit "A").
2. Pursuant to said contract to sell, Idaho Auto Auction retained the title to said vehicle (Exhibit "B") and forwarded title and a sight draft signed by Larry Shoemaker (Exhibit "C") to the Orchards Branch, Bank of Idaho, Lewiston, Idaho, with instructions that upon payment of said sight draft title was to be delivered and pass to Larry Shoemaker.
3. Larry Shoemaker took possession of the Cadillac pursuant to the contract to sell on April 4, 1979.
4. The sight draft was presented and dishonored on or about the 7th day of April, *506 1979, and demand was then made by Idaho Auto Auction to Larry Shoemaker for the return of possession of the said vehicle.
5. Larry Shoemaker voluntarily went bankrupt on the 10th day of July, 1979."
Trustee contends that under Section 28-2-401 Idaho Code, the defendant as a result of the transaction in question only retained a security interest in the vehicle which it failed to perfect against trustee in his position as a hypothetical lien creditor by reason of Section 70c of the Act. Defendant relies upon the Idaho Motor Vehicle Title Act Section 49-404, to assert that debtor did not receive title.
After an examination of the stipulated facts and further examination of the law I conclude that this case is controlled by Section 28-2-511 Idaho Code, which reads as follows:
"Tender of payment by buyer  Payment by check. 
(1) Unless otherwise agreed tender of payment is a condition to the seller's duty to tender and complete any delivery.
(2) Tender of payment is sufficient when made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender and gives any extension of time reasonably necessary to procure it.
(3) Subject to the provisions of this act on the effect of an instrument on an obligation (section 28-3-802), payment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment. [1967, ch. 161, § 2-511, p. 351.]"
Because a sight draft is equivalent to a check and because I am of the opinion that the sale in question is a cash sale instead of a credit sale, this section applies. It is generally construed by the authorities to be related to section 28-2-702 which allows an unpaid seller ten days within which to reclaim goods on demand after receipt, if the buyer is insolvent.
In the case at bar, the seller, according to the stipulation, did make demand for return of the goods within the ten day period after transfer of possession and after dishonor of the debtor's sight draft. This is all that is necessary even though debtor herein apparently remained in possession of the motor vehicle for almost three months before he became a bankrupt. See Metropolitan Distributors v. Eastern Supply Co., 1 UCC Reporting Service 154. 21 Pa.D. & C.2d 128, 107 Pitts.Leg.J. 451.
In reaching this conclusion I realize that I have discussed a theory which was not briefed by counsel for the parties. If either party wishes to comment upon this ruling or submit further authorities thereon, I will give them ten days from the date hereof within which to do so. If no request is made for further consideration, I will enter an order directing trustee to turn over the motor vehicle in question, or its proceeds if it has been sold, to the defendant herein, less any costs of sale incurred by trustee. Counsel for defendant is requested to prepare a Judgment in accord with this decision at the end of ten days unless this matter is reconsidered at the request of either party.